## Emerson Shoe Co., Appellant, *v.* Gruskin & Herschberg

*Vendor—Vendee—Sales—Sales act—Failure to comply with terms of sale—Case for jury.*

In an action of assumpsit, to recover the value of a shipment of shoes, it appeared that, under the contract, sixty pairs of shoes of a certain quality were to be shipped in white cartons. When the shoes arrived at their destination they were not of the kind and quality ordered, and were in a damaged condition. The defendants refused to receive them. Suit was brought to recover the price

of the number of shoes which were shipped. The Court directed a verdict for the plaintiff, but subsequently entered judgment non obstante veredicto in favor of the defendant, on the ground that the plaintiff had failed to prove delivery in accordance with the terms of the contract.

The plaintiff admitted the discrepancy in the quality of shoes, but contended that the defendants had waived their right to insist upon strict compliance with the contract, and that they had refused to accept, solely upon the ground that the shoes were in a damaged condition. There was oral evidence that one of the defendants, immediately after the arrival of the shipment, had written a letter to the plaintiff, stating that the goods had arrived in a damaged condition, that they were not as ordered, and that they were not shipped in plain white cartons.

Under such circumstances there was a distinct issue of fact as to whether the plaintiffs had waived their right to reject the shoes because of the discrepancy in quantity, and the case was for the jury.

Re-Argued April 15, 1925. Appeal No. 37 April T., 1924, by plaintiff, from judgment of C. P. Armstrong County, September T., 1921, No. 88, in the case of The Emerson Shoe Company, a Corporation, v. Isaac Gruskin and Louis Herschberg, as Gruskin & Herschberg. Before Henderson, Trexler, Keller, Linn and Gawthrop, JJ. Reversed.

Assumpsit for goods sold and delivered.

The facts are stated in the opinion of the Superior Court.

The jury rendered a verdict in favor of plaintiff. Subsequently on motion the Court entered judgment in favor of the defendant non obstante veredicto. Plaintiff appealed.

*Error assigned,* among others, was the decree of the Court.

*Harry C. Golden,* for appellant.

No appearance and no printed brief for appellee.

OPINION BY GAWTHROP, J., July 9, 1925:

This is a suit in assumpsit to recover for merchandise sold and delivered to defendants. The facts are not in dispute. On May 28, 1920, defendants ordered from plaintiff, and plaintiff agreed to sell and ship to defendants by express to Ford City, Pennsylvania, sixty pairs of shoes of certain definite kinds, material, numbers and quality. They were to be shipped in plain white cartons "at once." They were not shipped from Chicago until June 28, 1920, and did not arrive in Ford City until about July 1st. There was a shortage in the shipment, only fifty-seven pairs being shipped and these were not in plain white cartons. Some of the shoes were not of the quality ordered. When they arrived at Ford City, the shoes were in a damaged condition and defendants refused to receive them. Suit was brought to recover the price of the fifty-seven pairs of shoes shipped. The learned trial judge directed a verdict for plaintiff, but subsequently entered judgments for defendants notwithstanding the verdict. This appeal followed.

The ground upon which the judgment for defendants was entered was that plaintiff failed to sustain the burden resting on him of proving a delivery of goods to the carrier in accordance with the terms of the contract. Following Meyercord Co. v. P. L. Butler Co., 79 Pa. Superior Ct. 473, the learned judge held that there is no constructive delivery to the purchaser where the seller delivers to the carrier goods differing in kind, quality or quantity from those described in the contract, or otherwise not in accordance with the order. The contract prescribes the scope of the carrier's authority to accept goods as the agent of the buyer. Under the uncontroverted facts and the law applicable thereto, the delivery to the carrier was not a delivery to defendants. Proof of delivery to the carrier in accordance with the terms of the contract was an essential part of plaintiff's case. Such a delivery

was not proved. Appellant concedes in his written argument the correctness of the rule of law above stated, but contends that the rule has no application here because the letters written by defendants to plaintiff show that the refusal to accept the goods from the express company was upon the sole ground that the goods were in a damaged condition when they reached their destination and that by refusing to accept on that specific ground defendants were estopped from setting up any other ground for their refusal. Haney v. Hatfield, 241 Pa. 413, and United Fruit Co. v. Bisese, 25 Pa. Superior Ct. 170, are relied upon as ruling the point in appellant's favor.

But there is oral evidence in the record by one of the defendants that immediately after the shoes arrived at the express office, he wrote a letter to plaintiff, stating not only that the goods arrived in a damaged condition, but that they were not as ordered, and that they were not shipped in plain white cartons. In this state of the record the question whether defendants waived their right to reject the shoes should have been submitted to the jury and that tribunal should have been instructed as to the effect of the letters on the question of waiver. For these reasons we conclude that this was not a case for binding instructions for either plaintiff or defendants.

The judgment is reversed and a new trial awarded.